IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN BRUBAKER and | : | |
| STEPHANIE BRUBAKER | : | |
| Plaintiffs | : | Civil Case Number |
| | : | |
| v. | : | |
| | : | |
| WILLIAM NORMAN BONDS | : | NO. 09-CV-02232-LS |
| Defendants | : | |

MEMORANDUM

**Stengel, J.**                                                    **January 7, 2010**

This civil action concerns a car accident which occurred in Laurens County,
Georgia while plaintiffs Stephen and Stephanie Brubaker were traveling through Georgia.
The defendant Mr. William Norman Bonds is a citizen of Georgia.  In addition, the
medical doctors who treated Mr. and Mrs. Brubaker after the accident work and live in
Geogia.

Mr. and Mrs. Brubaker filed a cause of action in the Court of Common Pleas of
Lancaster County.  The action was removed to this court.  Notice of Removal, Brubaker
v. Bonds, No. 09-2232 (E.D. Pa. filed May 19, 2009).  Mr. Bonds filed a motion to
transfer the cause of action to the United States District Court for the Southern District of
Georgia.  Motion to Transfer, Brubaker v. Bonds, No. 09-3323 (E.D. Pa. July 17, 1009).
Although Mr. and Mrs. Brubaker do not concur with this transfer, they did not file a
response to the motion for transfer.  Certificate of Counsel, Brubaker v. Bonds, No. 09-
2232 (E.D. Pa. July 17, 2009).

For the reasons set forth below I will grant the motion for transfer.

## I.    Background

On March 28, 2008, plaintiffs Stephen and Stephanie Brubaker were traveling in Laurens County, Georgia.  Mr. Brubaker was operating his Silver Eagle bus.  Complaint at ¶ 3, 5.  When he approached the intersection of Route 338 and Interstate Route 257, his vehicle was struck in the left front by defendant William Norman Bonds' Chevrolet Suburban.  Following the accident Mr. and Mrs. Brubaker were treated at the Fairview Hospital in Dublin, Georgia, which is in Laurens County, Georgia.  Brief in Support of Motion to Transfer Action for Convenience of the Parties and Witnesses at 6, Brubaker v. Bonds, No. 09-2232 (E.D. Pa. filed July 17, 2009).

Mr. and Mrs. Brubaker allege negligence claims against Mr. Bonds.  Mr. and Mrs. Brubaker filed a cause of action in the Court of Common Pleas of Lancaster County.  The action was removed to this court.

## II.    Transfer

Where jurisdiction is based solely on diversity of citizenship, a case "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C.A. § 1391(a). Accordingly, because no defendant is a citizen of Pennsylvania and the events or omissions giving rise to the cause of action occurred in Georgia, if Mr. and Mrs. had filed a cause of action in federal court, Pennsylvania would not have been a proper venue.

Mr. and Mrs. Brubaker, however, filed their cause of action in the Court of Common Pleas of Lancaster County. Therefore, the action was removed to the Eastern District of Pennsylvania pursuant to the removal statute, 28 U.S.C.A. § 1441(b). Pursuant to the removal statute, a case can be removed to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1441(a).

A district court may transfer venue "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C.A. § 1404(a). A trial court has discretion to determine whether a civil action should be transferred. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995); Perry v. Markman Capital Management, Inc., 2002 WL 31248038, at *9 (E.D. Pa. Oct. 4, 2002). To transfer a civil action, a court must determine whether the action could have been brought in the district to which transfer is sought and, if so, whether venue in that district is proper and whether the district can exercise jurisdiction over all defendants. Shutte v. Armco Steel Corp., 431 F.2d 22, 24 (3d Cir. 1970). This civil action could have been brought in Southern District of Georgia,

the Southern District of Georgia is a proper venue, and it can exercise jurisdiction over the defendant, who is a citizen of Georgia.

When considering a motion to transfer venue, Courts look to both private and public factors. The private factors considered are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of the books and records. Jumara, 55 F.3d at 879.

The public factors to be considered include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two forums resulting from Court congestion; (4) the local interest in deciding local controversies at home; and (5) the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

The only private factor weighing in Mr. and Mrs. Brubaker's favor is the plaintiff's choice of forum, which was Pennsylvania. All other factors weigh in Mr. Bonds' favor. Mr. Bond would prefer to try the civil action in Georgia. The claim arose in Georgia, the location of the car accident.[1] In addition, the witnesses, including the doctors who treated Mr. and Mrs. Brubaker after the accident, are in Georgia.

The public factors also weigh in favor of transferring this action to the Southern

---

[1] There is no evidence concerning the relative physical and financial condition of either party.

District of Georgia.  The trial would be easier, more expeditious, and less expensive in Georgia because the witnesses live and work in Georgia.  Georgia has a local interest in deciding a cause of action which arose in Georgia, and the trial judge in the Southern District of Georgia will be more familiar with Georgia law, which likely applies to this cause of action.

Accordingly, I will transfer this civil action to the Southern District of Georgia.

An appropriate order follows.